UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD WARNELL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H:14-1200 |
| | § | |
| BP PRODUCTS, NORTH AMERICA, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM, OPINION AND ORDER**

Pending before the court is a motion for summary judgment filed by defendant BP Products North America Inc. ("BP").[1] Dkt. 12. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

The plaintiff, Donald Warnell, alleges age and race discrimination, retaliation, and a hostile work environment under the Age Discrimination in Employment Act of 1967 ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Dkt. 1. Warnell is an African American male who began working at BP as a warehouseman in either 2000 or 2001.[2] Warnell's employment with BP ended on January 31, 2013, when he automatically transitioned to Marathon Petroleum Company ("Marathon") as a result of Marathon taking possession and control of the refinery. Dkt. 12-1 at 37. Warnell is currently employed by Marathon and did not experience a gap in employment or a change in salary or benefits when Marathon acquired the refinery from BP. Dkt. 12-1 at 6, 7, 10.

---

[1] BP was improperly named as "BP Products, North America."

[2] The complaint and EEOC charge reflect a June 2000 start date. Dkt. 1 at 3; Dkt. 12-1 at 96. However, Warnell's response to Requests for Admission admits that his employment began on June 11, 2001. Dkt. 12-1 at 36.

Warnell filed an Equal Employment Opportunity Commission ("EEOC") charge on July 25, 2012.³ Dkt. 12-1 at 96. Warnell made a supplemental filing with the EEOC on May 31, 2013. Dkt. 1. Neither party disputes that BP did not receive notice of either EEOC filing until June 18, 2013, six months after Warnell's employment with BP ended. Dkt. 12-3. Warnell received notice of his right to sue from the EEOC on January 31, 2014. Dkt. 1 at 15. Warnell brought this suit on April 30, 2014. Dkt. 1.

In his complaint Warnell alleges, *inter alia*, that he was subjected to harsher standards than his white coworkers, and that his underperforming white coworkers were given favorable performance reviews while Warnell received negative performance evaluations which were false and caused him to be passed over for promotion and receive smaller year-end bonuses than his white coworkers. Dkt. 1. Warnell also alleges that his coworkers and supervisors referred to Warnell and other African American employees using racial slurs and that, despite having knowledge of this behavior, BP did nothing to address it. *Id.* Warnell claims to have complained about the racial slurs and disparate treatment to his supervisors, and alleges that he was retaliated against for raising these concerns. *Id.* Specifically, Warnell alleges that he received negative evaluations, he was placed on a Performance Improvement Plan ("PIP"), and a written warning letter was placed in his personnel file because he complained about the alleged discrimination and hostile work environment. *Id.* He asserts that any other reasons BP provides are pretext, as demonstrated by his exemplary performance at Marathon. Dkt. 13. Finally, Warnell alleges that he was discriminated against on

---

³ This document was actually an EEOC Intake Questionnaire, not a formal charge; but for the purposes of this order, the court will consider it to be a charge. *See* C.F.R. § 1601.12(a); *Conner v. La. Dep't of Health and Hosp.*, 247 Fed. App'x 480, 481 (5th Cir. 2007) (unpublished) ("This court has recognized that an intake questionnaire that informs the EEOC of the identity of the parties and describes the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge to the respondent is sufficient to 'set the administrative machinery in motion.'" (quoting *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir. 1982)).

the basis of his age when he received negative evaluations and was subsequently passed over for promotions that were given to younger workers. Dkt. 1.

BP moved for summary judgment on May 15, 2015, contending that summary judgment is appropriate because Warnell failed to timely raise complaints about most of his alleged discrimination, hostile work environment, and retaliation claims. Dkt. 12. BP further contends that Warnell has not established a *prima facie* case for any of his claims because Warnell has no evidence to support the claims that are not time barred. *Id.* Namely, BP states that Warnell cannot demonstrate that he suffered an adverse employment action, a material element of each of his discrimination and retaliation claims. *Id.* Warnell's response to BP's motion for summary judgment does not directly address BP's arguments. Dkt. 13. Further, Warnell provided only one exhibit in support of his allegations: his Marathon personnel record. Dkt. 13-1. BP's reply asserts that Warnell's Marathon personnel file is irrelevant to Warnell's claims against BP because Warnell has failed to provide *any* evidence to support a *prima facie* case for any of his claims. Dkt. 15.

## II. LEGAL STANDARD

### A. Summary Judgment Standard

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). However, the movant may shift the burden to the nonmovant by pointing to a lack of evidence:

> For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.

3

*Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. If the burden shifts to the non-moving party, the nonmovant must set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c). The court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in favor of the nonmovant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). However, the nonmovant cannot avoid summary judgment by simply presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Further, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment, especially if the nonmoving party was well aware of the existence of such evidence.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n. 7. (5th Cir. 1992)).

### B. *McDonnell Douglas* Framework

The McDonnell Douglas burden shifting framework applies to age and race discrimination claims, as well as retaliation claims. *See Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 346–47 (5th Cir. 2013) (race); *Ross v. Univ. of Tex. at San Antonio*, 139 F.3d 521, 525 (5th Cir. 1998) (age); *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (retaliation). If the plaintiff successfully establishes a *prima facie* case of discrimination or retaliation, the employer must then produce a legitimate nondiscriminatory reason for its adverse employment decision. *Evans v. City of Hou.*, 246 F.3d 344, 350 (5th Cir. 2001). If the defendant produces a legitimate reason why its action was nondiscriminatory, the plaintiff must persuade the factfinder that defendant's legitimate reason is

mere pretext for unlawful discrimination. *Id.* Here, the court need not proceed past the *prima facie* burden for any of Warnell's claims.

### C. Title VII Race Discrimination Claims

Title VII makes it unlawful for an employer to discharge an employee because of his or her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). To establish a *prima facie* discrimination case under Title VII, Warnell must show that he (1) is a protected class member, (2) was qualified for his position, (3) suffered an adverse employment action, and (4) that others similarly situated were treated more favorably. *Okoye v. Univ. of Tex. Hou. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001) (citing *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999)). The Fifth Circuit has held that "adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (citing *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002)).

### D. Title VII and ADEA Retaliation Claims

Title VII makes it unlawful for an employer to discriminate against any individual "because he has opposed any practice made an unlawful employment practice by this subchapter . . . ." 42 U.S.C. § 2000e-3(a). To establish a *prima facie* retaliation case, a plaintiff must show that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) causation exists between the adverse action and the protected activity. *LeMaire v. La. Dep't of Transp.*, 480 F.3d 383, 388 (5th Cir. 2007). The *prima facie* standard for retaliation claims under the ADEA is identical to those brought under Title VII. *Holt v. JTM Indus., Inc.*, 89 F.3d 1224, 1225–26 (5th Cir. 1996) (citing 29 U.S.C. § 623(d)). In the context of retaliation cases, an adverse employment action is any action that "might have dissuaded a reasonable worker from making or supporting a charge

of discrimination."[4] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67, 126 S. Ct. 2405 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)).

### E. ADEA Age Discrimination Claim

The ADEA promotes employment of persons over forty years of age based on their ability, rather than age, and prohibits arbitrary age discrimination in employment. 29 U.S.C. § 621(b). To establish a *prima facie* case of age discrimination for failure to promote, a plaintiff must show that he (1) belongs to the protected class, (2) *applied* and was qualified for the position to which he applied, (3) was rejected, and (4) someone outside the protected class was selected, someone younger was selected, or he was otherwise rejected because of his age. *Eberle v. Gonzales*, 240 Fed. App'x 622, 629–30 (5th Cir. 2007) (unpublished); *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680–81 (5th Cir. 2001). Failing to seek promotion is not a quietus to the plaintiff's discrimination claim if the plaintiff can show that applying for promotion would have been futile due to "a known and consistently enforced policy of discrimination." *Shackelford*, 190 F.3d at 406; *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 365, 97 S. Ct. 1843 (1977); *Claiborne v. Ill. Cent. R.R.*, 583 F.2d 143, 150 (5th Cir. 1978).

### F. Title VII and ADEA Hostile Work Environment Claims

A plaintiff may establish a hostile work environment claim relating to race under Title VII by proving that he (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term,

---

[4] Both Warnell and BP misstate the *prima facie* standard for retaliation claims in the Fifth Circuit. Warnell cites to Sixth Circuit precedent, which does not mirror the law in this jurisdiction. Dkt. 13 at 25. BP cites to *Dollis v. Rubin*, 77 F.3d 777, 782 (5th Cir. 1995), to support the argument that adverse employment actions in retaliation cases are the same as in discrimination cases. Dkt. 12 at 15. *Dollis* was explicitly overruled by the Fifth Circuit six years ago: "Our cases after *Burlington* make clear that an adverse employment action [in retaliation cases] is any action that might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Drake v. Nicholson*, 324 Fed. App'x 328, 332 (5th Cir. 2009) (unpublished) (citing *McCoy*, 492 F.3d at 559).

condition, or privilege of employment; and (5) the employer knew or should have known of the harassment complained of and failed to take prompt remedial action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). Under Fifth Circuit law, a plaintiff can also bring hostile work environment claims under the ADEA:

> A plaintiff advances a claim for hostile work environment based on age discrimination by establishing that: (1) he was over the age of 40; (2) he was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer.

*Jackson v. Honeywell Int'l, Inc.*, 601 Fed. App'x 280, 288 (5th Cir. 2015) (unpublished) (citing *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011) ("We now hold that a plaintiff's hostile work environment claim based on age discrimination under the ADEA may be advanced in this court.")).

### III. ANALYSIS

#### A. Timeline

BP distilled Warnell's complaints into a comprehensible timeline in its motion for summary judgment. Dkt. 12 at 4–8. Warnell does not dispute the timeline and does not provide any evidence indicating when the events alleged in his complaint occurred. Dkt. 13. Fed. R. Civ. P. 56(c) requires any "party asserting that a fact cannot be or is genuinely disputed" to support that assertion by "citing to particular parts of materials in the record . . . ." Because Warnell does not "properly address [BP's] assertion[s] of fact as required by Rule 56(c)," the court determines that BP's timeline is undisputed for the purpose of analyzing the motion for summary judgment. Fed. R. Civ. P. 56(e)(2).

**B. Timely EEOC Filing and the Continuing Violations Doctrine**

Warnell asserts that a four year statute of limitations applies to his hostile work environment claims under 28 U.S.C. § 1658(a). Dkt. 13 at 22, 23. However, 28 U.S.C. § 1658(a), which is a general time limitation for federal civil claims, begins by stating "Except as otherwise provided by law . . . ." Both Title VII and the ADEA "otherwise provide" that a plaintiff must file a charge with the EEOC within 300 days of the alleged discriminatory action. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(B). "A claim is time barred if it is not filed within these time limits." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 122 S. Ct. 2061 (2002); *see also Stith v. Perot Sys. Corp.*, 122 Fed. App'x 115, 117 (5th Cir. 2005) (unpublished) (claims of race, sex, and age discrimination not filed within 300 days of the alleged discrimination were properly dismissed as time barred, and plaintiff could only recover for hostile work environment claims occurring more than 300 days before the charge was filed if the continuing violations doctrine applied).

An exception to the 300-day statute of limitations is the continuing violations doctrine, which states that a claim "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Morgan*, 536 U.S. at 122. However, this doctrine is only available for hostile work environment claims and does *not* apply to discrete adverse employment actions in discrimination and retaliation claims. *Id.* at 114, 122. Because Warnell did not file his EEOC charge until July 25, 2012, all of his race and age discrimination and retaliation claims based on activity occurring prior to September 29, 2011 are time barred. However, Warnell may be able to proceed with a hostile work environment claim for events occurring prior to September 29, 2011, provided that at least one event is not time barred, and all the events constitute the same unlawful employment practice. *Id.*

### C. Title VII Race Discrimination

BP argues that summary judgment should be granted in its favor on Warnell's race discrimination claim because Warnell has no evidence of an adverse employment action. Dkt. 12. According to BP's undisputed timeline, the only act requiring the court's analysis is the placement of a warning letter in Warnell's personnel file on December 12, 2012. Dkt. 12-1 at 95. A warning letter is not the equivalent of "hiring, granting leave, discharging, promoting, or compensating." *McCoy*, 492 F.3d at 559. Warnell has offered no other evidence of any action that could be construed as an adverse employment action. Because Warnell has failed to show there is a genuine issue of material fact as to the third element, the court need not consider the other elements. Warnell's race discrimination claim fails as a matter of law. *Shackelford*, 190 F.3d at 406–407.

### D. Title VII and ADEA Retaliation Claims

BP argues that Warnell cannot demonstrate that he suffered an adverse employment action "that might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 67. Warnell contends in his complaint that he "complained internally of the discriminatory treatment he got that was far inferior to the more favorable treatment that his white co-workers go [sic.]" and that he "pointed out the inconsistent performance evaluation and other work conditions to BP's HR, supervisors, etc." Dkt. 1 at 4. However, Warnell does not offer any evidence of this alleged unfair treatment or any treatment that may have dissuaded a reasonable worker from making a charge. Since Warnell has not supported any of his facts by

9

"citing to particular parts of materials in the record," his retaliation claims fail as a matter of law.[5] Fed. R. Civ. P. 56(c)(A).

### E. Age Discrimination

BP incorrectly cites age discrimination termination cases and the fact that Warnell's employment was never terminated to suggest that Warnell has not suffered an adverse employment action. Dkt. 12 at 13. But termination is not the only type of adverse employment action. *Eberle*, 240 Fed. App'x at 629–30 (discussing age discrimination for failure to promote). Warnell's response fails to discuss the adverse employment action element, but as the court understands Warnell's complaint and the record, Warnell alleges age discrimination for failure to promote.[6]

Nevertheless, Warnell fails to make out a *prima facie* age discrimination claim as to the second, third, and fourth elements. Warnell provides no evidence that he applied for or was discouraged from applying for any position. As to the fourth element, Warnell's complaint and response are devoid of any names or titles of BP employees who could be similarly situated. Warnell's response states that "a partial list of adversely affected individuals is in the appendix;" that "[a]ffidavits of some affected persons are also included in support of Warnell's lawsuit;" and that "[m]ultiple individuals have consented to be fact witnesses providing trial testimony which supports Warnell's claims." Dkt. 13 at 12. However, the only evidence Warnell has entered into the record in support of his allegations is his Marathon personnel file. Dkt. 13-1. The record does not contain

---

[5] Warnell's claims also fail as to protected activity and causation. *LeMaire*, 480 F.3d at 388. The court could consider Warnell's EEOC charge as the requisite protected activity. However, Warnell does not dispute that BP did not receive notice of the EEOC filing until June 18, 2013, six months after Warnell's employment with BP ended. Dkt. 12-3. Warnell also has not proven, by citing to specific parts of the record, that BP knew of Warnell's EEOC filing prior to receiving notice of it. Therefore, Warnell's claim also fails as to causation between the protected activity and the alleged adverse employment action.

[6] "BP passed over Mr. Warnell for promotion and sought to insure that he had greatly diminished or virtually no chance or opportunity for promotion, advancement, or more favored lateral movement." Dkt. 1 at 6.

any affidavits or witness lists, save for those provided by BP, which do not support Warnell's claim. Because Warnell has not supported any of his alleged facts by "citing to particular parts of materials in the record," his age discrimination claim fails as a matter of law. Fed. R. Civ. P. 56(c)(A).

### F. Title VII and ADEA Hostile Work Environment Claims

BP contends that Warnell fails to raise an issue of material fact as to every element but the first of a *prima facie* case for hostile work environment claims. Warnell's allegations about harassment, whether they are based on race or age, and whether his employer knew or should have known, are all bald assertions and legalistic argumentation insufficient to avoid summary judgment.[7] *See Hernandez*, 670 F.3d at 651; *TIG Ins. Co.*, 276 F.3d at 759. Warnell has not supported any of his alleged facts by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(A). Accordingly, his hostile work environment claims fail as a matter of law.

### IV. CONCLUSION

BP pointed to a lack of evidence as to each of Warnell's allegations and successfully shifted the burden to Warnell to establish a genuine issue of material fact as to each element of the *prima facie* case for each of his claims. *Celotex*, 477 U.S. at 323–25. Warnell's failure to cite even one piece of evidence to substantiate his claims means that he has failed to establish a *prima facie* case

---

[7] For example: "BP knew of the conduct because supervisors and/or others in authority knowingly engaged in or permitted the racist practices." Dkt. 13 at 24–25.

11

for all of his claims.[8] Therefore, BP's motion for summary judgment is GRANTED. Warnell's age and race discrimination, retaliation, and hostile work environment claims are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on July 2, 2015.

_____
Gray H. Miller
United States District Judge

---

[8] Despite Warnell's acknowledgment in his response that "the nonmovant should cite specific parts of own summary judgment materials" to show that facts are genuinely disputed, Warnell does not offer a single citation to the record in all 32 pages of his response. Dkt. 13. Statements that "It is Undisputed Fact, As Proven By the Evidence;" "The following is supported by the evidence, much of which is already or herein made part of the record for this court's consideration;" "The following is supported by the evidence, much of which is already in the record, in possession and knowledge of Defendants;" "Writings exist and have been provided to BP;" and numerous references to the "weight of the evidence" are *not* citations to specific parts of the record. *Id.* at 2, 3, 9, 16, 17, 21, 22, 24, 25, 27. The court is not required to "sift through the record in search of evidence to support a party's opposition to summary judgment . . . ." *Forsyth*, 19 F.3d at 1537. Nevertheless, the court has examined the record and determined that nothing in the record could support a *prima facie* case for any of Warnell's claims.